**Sarah GIRAGOSIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70732.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 25, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., Margaret A. O'Donnell, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Sarah Giragosian, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") orders denying her applications for asylum, withholding of removal

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Singh v. Ashcroft,* 362 F.3d 1164, 1168 (9th Cir.2004), we grant the petition for review and remand for further proceedings.

Substantial evidence does not support the BIA's adverse credibility determination. The BIA noted inconsistencies between Giragosian's testimony and her asylum application regarding details of her arrest, and inconsistent testimony regarding her religious activities. These inconsistencies, however, to the extent they exist, cannot be viewed as attempts to enhance her claims of persecution, and so have no bearing on her credibility. *See id.* at 1171. In addition, Giragosian was never given an opportunity to explain these alleged inconsistencies. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (reversing negative credibility finding because, *inter alia,* petitioner was denied a reasonable opportunity to explain a perceived inconsistency).

The BIA disbelieved Giragosian's testimony that her parents did not participate in proselytizing activities despite their deeply held religious beliefs. Nothing in the record supports the BIA's speculation and conjecture that Giragosian's parents would have necessarily engaged in such religious activities. *See Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000).

The BIA disbelieved Giragosian's claim to be a member of an evangelical church because the objective evidence in the record indicates that Armenian Christians generally refrain from proselytizing activities. Even if this were true it cannot support the adverse credibility finding because nothing in the record states that no Armenian Christian congregations proselytize. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1144 (9th Cir.2005) ("petitioner's testimony must be *inconsistent* with facts contained in the country report or profile before the IJ may discredit the petitioner's testimony") (emphasis added). In addition, the record does not support the BIA's characterization of Giragosian's testimony regarding her knowledge of the Bible. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002).

Finally, the BIA faulted Giragosian for failing to produce her step-sister and particular members of her church in the United States as witnesses, and failing to submit official identity documents. Giragosian did, however, submit documentation confirming her religious affiliation and activities. *See Sidhu v. INS,* 220 F.3d 1085, 1091 (9th Cir.2000) ("where an applicant produces credible corroborating evidence to buttress an aspect of his own testimony, an IJ may not base an adverse credibility determination on the applicant's failure to produce additional evidence that· would further support that particular claim").

Accordingly, we grant the petition for review and remand to the BIA for further proceedings to determine whether, accepting Giragosian's testimony as credible, she is entitled to asylum, withholding of removal, and relief under the CAT. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

BEA, Circuit Judge, dissenting.

I dissent.